Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Max W. Gavron (State Bar No. 291697)
mgavron@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

(Additional counsel on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CITA SIMPSON, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

SWIFT VENTURES NORTH AMERICA INC., a corporation; FOOD VENTURES NORTH AMERICA INC., a corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 8:25-cv-02513-MCS-BFM

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

**(1) VIOLATION OF LABOR CODE §§ 510, AND 1194;**

**(2) VIOLATION OF LABOR CODE §§ 226.7, AND 512;**

**(3) VIOLATION OF LABOR CODE § 226.7;**

**(4) VIOLATION OF LABOR CODE § 226(a); AND**

**(5) VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.***

**DEMAND EXCEEDS $35,000.00**

## ADDITIONAL COUNSEL

William L. Marder, Cal Bar No. 170131
bill@polarislawgroup.com
POLARIS LAW GROUP
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone: 831.531.4214
Facsimile: 831.634.0333

Edward W. Choi, Esq. SBN 211334
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
edward.choi@choiandassociates.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

Plaintiff Cita Simpson ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendants Swift Ventures North America Inc. ("Swift"), Food Ventures North America, Inc. ("FVNA"), and DOES 1-10 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code as follows:

## INTRODUCTION

1. Defendants removed this matter to this Court pursuant to the Class Action Fairness Act (the "CAFA"). Defendants contend that this matter meets the jurisdictional requirements for CAFA jurisdiction. Defendants further contend that venue is appropriate in this Court. Based on further investigation and discovery, Plaintiff reserves her right to challenge this Court's jurisdiction and to seek remand.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide off-duty meal and rest periods in compliance with the law and failing to pay all overtime wages owed.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## PARTIES

5. On or about November 1, 2022, Plaintiff was hired by Defendants to work as a non-exempt Sales Associate at Defendants' retail store in Huntington Beach, Orange County. Plaintiff is still employed by Defendants.

6. Defendants operate various businesses in the State of California, including without limitation, food retail stores.

7. Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code §§ 226, 226.7, 510, 512, and 1194 and the applicable IWC Wage Orders.

8. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 10 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

9. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 226, 226.7, 510, 512, and 1194 and the IWC Wage Orders.

10. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

12. Plaintiff is informed and believes, and based thereon alleges, that at all

times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

13. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

15. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of the following classes:

a. All of Defendants' current and former non-exempt California employees who were paid overtime and earned non-discretionary pay, including without limitation, incentives and bonuses, covering the same period that the overtime wages were paid at any time from September 24, 2021, through the present (the "Overtime Class");

b. All of Defendants' current and former non-exempt California

employees who were paid meal period premium wages and earned non-discretionary pay, including without limitation, incentives and bonuses, covering the same period that the meal period premium wages were paid at any time from September 24, 2021, through the present (the "Meal Period Class");

c. All of Defendants' current and former non-exempt California employees who were paid rest period premium wages and earned non-discretionary pay, including without limitation, incentives and bonuses, covering the same period that the rest period premium wages were paid at any time from September 24, 2021, through the present (the "Rest Period Class"); and

d. All of Defendants' current and former **exempt and non-exempt** California employees who were paid wages and whose wage statements listed "Swift Ventures North America Inc." as the employer at any time from September 24, 2024, through the present (the "Wage Statement Class").

16. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Company's records, including payroll records.

17. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiffs. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

18. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Company: (a) failing to pay all overtime

wages in violation of Labor Code §§ 510 and 1194, arising from Defendants' failure to pay overtime wages based on the correct, higher regular rate of pay by not including additional non-discretionary remuneration in said rate; (b) failing to provide off-duty meal and rest periods in compliance with Labor Code §§ 226.7 and 512, arising from Defendants' failure to pay meal/rest period premiums based on the correct, higher regular rate of pay by not including additional non-discretionary remuneration in said rate; and (c) failing to provide accurate itemized wage statements to employees in violation of Labor Code § 226.

19. **Typicality:** The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Plaintiff and Class Members were not paid their overtime, meal and rest period premium wages based on the correct, higher regular rate of pay. Specifically, Labor Code § 510(a) states that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Further, Section 510(a) states that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Likewise, Labor Code § 226.7(c) states that "the employer shall pay the employee one additional hour of pay at the employee's **regular rate** of compensation for each workday that the meal or rest or recovery period is not provided." Here, Plaintiff and Class Members earned additional non-discretionary pay, including without limitation, incentives and bonuses, which should have been included in the regular rate of pay for purposes of paying overtime and meal/rest period premium wages. Defendants, however, paid overtime and meal/rest period premium wages at less than the regular rate of pay for Plaintiff and Class Members. Further, as a result of these violations, Plaintiff was not provided with proper and accurate wage statements identifying all information required by Labor Code §

226(a), including the wage rates, and net/gross wages earned shown on the wage statements were inaccurate due to the violations set forth above. Additionally, Defendants violated Section 226(a)(8) by failing to list the actual entity which employed Plaintiff and Class Members on their wage statements. Defendants' wage statements identified Swift Ventures North America Inc. as the name of the employer, but no such name exists under the California Secretary of State's database. Plaintiff is informed and believes and based thereon alleges that Plaintiff and Class Members were actually employed by FVNA. Plaintiff is further informed and believes and based thereon alleges that on December 20, 2017, Swift Ventures North America Inc. changed its name to "Food Ventures North America, Inc." and, thus, no longer existed as an actual entity as of said date. However, despite the name change, the wage statements issued to Plaintiff and Class Members continued to identify the legal name of the employer as "Swift Ventures North America, Inc." Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226, 226.7, 510, 512, and 1194 and the applicable IWC Wage Orders.

20. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

21. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with

Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

22. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

23. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, and 1194, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

24. Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

25. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company. The Class is commonly entitled to restitution of those funds being improperly withheld by the Company. This action is brought for the benefit of the entire class and will result in

the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 510, AND 1194**

**(AGAINST DEFENDANTS AND DOES 1-10 BY PLAINTIFF AND THE OVERTIME CLASS)**

26. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

27. Labor Code § 510(a) states that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Further, Section 510(a) states that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

28. Plaintiff and Class Members earned additional non-discretionary pay, including without limitation, incentives and bonuses, which should have been included in the regular rate of pay for purposes of paying overtime wages. Defendants, however, paid overtime wages at less than the regular rate of pay for Plaintiff and Class Members. For example, for the pay period of January 29, 2024-February 11, 2024, Plaintiff was paid a bonus of $304.00, and overtime of 0.93 hours. Plaintiff's base hourly rate for this pay period was $19.00. Nevertheless, Defendant paid overtime at 1.5x Plaintiff's base rate of $19.00, or $28.50 and did not include the bonus into the regular rate. In other words, Plaintiff's overtime rate should have been higher than $28.50. Similarly, for the pay period of February 26, 2024-March 10, 2024, Plaintiff was paid a bonus of $304.00, but Plaintiff was again paid her overtime for 0.90 hours at 1.5x her base hourly rate of $19.00, or $28.50.

29. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and

creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

## (AGAINST DEFENDANTS AND DOES 1-10 BY PLAINTIFF AND THE MEAL PERIOD CLASS)

30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

31. Labor Code § 226.7(c) states that "the employer shall pay the employee one additional hour of pay at the employee's **regular rate** of compensation for each workday that the meal or rest or recovery period is not provided." Here, Plaintiff and Class Members earned additional non-discretionary pay, including without limitation, incentives and bonuses, which should have been included in the regular rate of pay for purposes of paying meal period premium wages. Defendants, however, paid meal period premium wages at less than the regular rate of pay for Plaintiff and Class Members. Specifically, when Plaintiff was not provided with proper meal and/or rest breaks, including, but not limited to the pay periods of January 30, 2023-February 12, 2023, February 27, 2023-March 12, 2023, March 27, 2023-April 9, 2023, August 28, 2023-September 10, 2023, November 20, 2023-December 3, 2023, January 1, 2024-January 14, 2024, and June 17, 2024-June 30, 2024, Defendant would pay her one additional hour of pay as a break premium, albeit at a rate that was less than her regular rate of pay.

32. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and

costs of suit.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226.7**

**(AGAINST DEFENDANTS AND DOES 1-10 BY PLAINTIFF AND THE REST PERIOD CLASS)**

33. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

34. Labor Code § 226.7(c) states that "the employer shall pay the employee one additional hour of pay at the employee's **regular rate** of compensation for each workday that the meal or rest or recovery period is not provided." Here, Plaintiff and Class Members earned additional non-discretionary pay, including without limitation, incentives and bonuses, which should have been included in the regular rate of pay for purposes of paying rest period premium wages. Defendants, however, paid rest period premium wages at less than the regular rate of pay for Plaintiff and Class Members. Specifically, When Plaintiff was not provided with proper meal and/or rest breaks, including, but not limited to the pay periods of January 30, 2023-February 12, 2023, February 27, 2023-March 12, 2023, March 27, 2023-April 9, 2023, August 28, 2023-September 10, 2023, November 20, 2023-December 3, 2023, January 1, 2024-January 14, 2024, and June 17, 2024-June 30, 2024, Defendant would pay her one additional hour of pay as a break premium, albeit at a rate that was less than her regular rate of pay.

35. Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the rest period violations set forth above.

36. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the

Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(BY PLAINTIFF AND ALL CLASSES AGAINST DEFENDANTS AND DOES 1-10)**

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

38. The Company failed in its affirmative obligation to provide accurate itemized wage statements in violation of Labor Code § 226(a). Specifically, the Company violated Labor Code § 226(a) by, among other actions, failing to list the wage rates, and net/gross wages earned shown on the wage statements, as well as the correct hourly rates for the underpaid overtime and premium pay for meal and rest period violations as alleged above. Additionally, Defendants violated Section 226(a)(8) by failing to list the actual entity which employed Plaintiff and Class Members on their wage statements. Defendants' wage statements identified Swift Ventures North America Inc. as the name of the employer, but no such name exists under the California Secretary of State's database. Plaintiff is informed and believes and based thereon alleges that Plaintiff and Class Members were actually employed by FVNA. Plaintiff is further informed and believes and based thereon alleges that on December 20, 2017, Swift Ventures North America Inc. changed its name to "Food Ventures North America, Inc." and, thus, no longer existed as an actual entity as of said date. However, despite the name change, the wage statements issued to Plaintiff and Class Members continued to identify the legal name of the employer as "Swift Ventures North America, Inc."

39. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties

pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUS. & PROF. CODE § 17200**

**(BY PLAINTIFF AND THE OVERTIME, MEAL PERIOD, AND REST PERIOD CLASSES AGAINST DEFENDANTS AND DOES 1-10)**

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

41. This action is brought pursuant to the Unfair Competition Law (the "UCL"), which defines "unfair competition" broadly to include "any unlawful, unfair or fraudulent business act or practice." Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, '[the UCL] "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co*., 20 Cal. 4th 163, 180 (1999). It is well-settled that a plaintiff can assert a UCL claim premised upon unpaid wages as a result of violations of the Labor Code. *Cortez v. Purolator Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000); *Pineda v. Bank of America, N.A*., 50 Cal.4th 1389, 1401 (2010).

42. Here, Plaintiff asserts a cause of action pursuant to the UCL because Plaintiff does not have an adequate remedy at law. Because the statute of limitations of the UCL is four years, it provides Plaintiff an avenue of relief for an additional year of restitution for the lost wages alleged and detailed above. Without the UCL, Plaintiff would be left without a legal avenue for recovering those lost wages. *See*, *e.g.*, *Cortez*, 23 Cal. 4th at 176 (noting under UCL, courts are authorized to "fashion remedies to prevent, deter, and compensate for unfair business practices" and to restore money to consumers or employees). Additionally, courts have further held that a plaintiff's counsel who fails to plead a UCL claim to extend the statute of limitations for wage claims may be sued for

malpractice. *Janik v. Rudy, Exelrod & Zieff*, 119 Cal. App. 4th 930, 943 (2004), as modified on denial of reh'g (July 22, 2004). Accordingly, Plaintiff seeks restitution through the UCL.

43. Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to pay all overtime and meal/rest period premium wages owed and engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

44. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

45. Plaintiff seeks as an individual and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff also seeks injunctive relief to enjoin the unfair business practices alleged herein.

46. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

47. Plaintiff also pleads this cause of action in the alternative, as she is permitted to do.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as

follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representative of the Class as described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for all damages and/or penalties pursuant to Labor Code §§ 510, and 1194, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for all unpaid premium wages, damages and/or penalties pursuant to Labor Code §§ 226, 226.7, and 512, and for costs;

6. Upon the Third Cause of Action, for all unpaid premium wages, damages and/or penalties pursuant to Labor Code §§ 226.7, 512, 1174, 1198, and 1199 and sections 7 & 11 of the applicable IWC Wage Order, and for costs;

7. Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code § 226, and for costs and attorneys' fees;

8. Upon the Fifth Cause of Action, for restitution in the form of unpaid overtime, meal and rest period premium wages, and any available injunctive relief to enjoin the unfair business practices, and for costs;

9. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

10. For such other and further relief as the Court may deem just and proper.

DATED: February 2, 2026

DIVERSITY LAW GROUP, P.C.
LAW OFFICES OF CHOI & ASSOCIATES

By: ______________________
Larry W. Lee
Edward W. Choi
Attorneys for Plaintiff and the